UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN FARROW,<br><br>                      Plaintiff,<br><br>              -against-<br><br>C.O. C.A. JENKINS; C.O. S. MARTIN; SGT. BONANNO; LT. COUSINS; C.O. WALKER; C.O. M.A. DELACRUZ; C.O. WOODY; O.R.C ASAT B. DAVIS; PROGRAM COMMITTEE; ADSP S. MITCHELL; DSP L. MALIN; CAPTAIN M. BARNES; CASHIER/COMMISSARY BARBARA THOMAS; C.O. COMMISSARY VIERRA; C.O. C. CLARKE; C.O. J. LESLIE; C.O. M. SCHEPIS; CHO MAYES; SGT. SANCHEZ; C.O. R. BATOLOTTI; C.O. A; C.O. JOHN; DEP. OF ADMIN. A. HELMS; DEP. OF SECURITY M. DAYE; 1ST DEP. SUPT. K. WINSHIP; SUPT. M. CAPRA; ORDER /PC CONTACT E. WEIR; C.O. T. LEWIS; LT. M. PANZARELLA,<br><br>                      Defendants. | 22-CV-5952 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He asserts many different claims that arose between 2019 and 2021, when he was incarcerated at Sing Sing Correctional Facility (Sing Sing).

      By order dated August 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] Thereafter, on August 23, 2022, the Court issued an order that severed Plaintiff's claims arising at Attica, Clinton, and Great Meadow Correctional

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Facilities, and transferred those claims to the district courts for the districts where the claims arose. Only Plaintiff's claims arising at Sing Sing remain pending in this action.

Plaintiff has also filed two motions: a motion for "appointment of expert witnesses and special procedures" (ECF 12), and a motion for pro bono counsel (ECF 14).[2] For the reasons set forth below, the Court denies the pending motions and grants Plaintiff leave to file an amended complaint, regarding his claim(s) arising at Sing Sing, within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[2] Plaintiff also brought other motions, which were addressed separately. On September 2, 2022, the Court directed that Plaintiff's motion for a preliminary injunction (ECF Nos. 10-11, 16), which raised claims about his current custody at Great Meadow Correctional Facility, be refiled in the action under docket number 22-CV-7248 (LTS), which was then transferred to the United States District Court for the Northern District of New York. (ECF 19.)

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

Plaintiff Justin Farrow alleges that during his incarceration at Sing Sing, between 2019 and 2021, he was sexually harassed by two different female employees on different dates; he was issued a false disciplinary report that he had engaged in lewd conduct; excessive force was used against him; he suffered retaliation; there were due process violations at his disciplinary hearings in January and March 2020, and on April 23, 2021; he was removed from the Inmate Liaison Committee prior to the end of his term as a representative; defendants were deliberately indifferent to his serious medical needs; he was deprived of property; and he was denied occasional meals. These claims arose on different dates and involved different individuals.

Plaintiff brings these claims against Sing Sing Superintendent M. Capra; Deputies K. Winship, M. Daye, and A. Helms; Correction Officers T. Lewis, Jenkins, Martin, Walker, Woody, Delacruz, Vierra, C. Clarke, J. Leslie, R. Batolotti, M. Schepis, "A," "John," and B. Thomas;

3

Sergeants Bonanno and Sanchez; Captain M. Barnes; Lieutenants Panzarella and Cousins; Offender Rehabilitation Coordinator B. Davis, and E. Weir; "ADSP" S. Mitchell; Chief Hearing Officer Mayes; and the Sing Sing Program Committee.

## DISCUSSION

### A.   Improper Joinder

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a).

Under Rule 20 of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Here, Plaintiff sues more than 20 individuals whom he alleges were personally involved in violating his rights.[3] The claims arose on different dates over two years and are unrelated. For example, Plaintiff alleges that on October 18, 2020, Correction Officer Delacruz made a false disciplinary report that Plaintiff engaged in lewd conduct. (ECF 2 at 35.) He sues Defendant Delacruz, alleging that she retaliated against him for "overall knowledge of illegal activity" and that this was an attempt to "silence" him. (*Id.* at 37.) Plaintiff further alleges that on April 19, 2021, he "was involved in an assault on staff incident" with Correction Officer Clarke. Correction Officers Leslie, Schepis, Murray and "others" who responded, allegedly used excessive force against Plaintiff, even after he was rear handcuffed. (*Id.* at 42.) Plaintiff names Correction Officers Leslie, Schepis, and Murray as defendants for these claims, under Section 1983, of excessive force in violation of the Eighth Amendment.

These two claims – and many other claims that Plaintiff brings, such as claims that "inmates were stealing [his] Ramadan religious diet meals" (*id.* at 43) and that his property was confiscated (*id.*) – neither arise out of the same occurrence nor are against the same defendant. Accordingly, because these unrelated claims are brought against different defendants these claims are not properly joined in a single action.

Plaintiff's complaint might be understood as attempting to link these events based on the following conspiracy allegation:

> Finally, a bombshell was revealed to me while I was in the [Segregated Housing Unit] SHU that staff and inmates revealed to me that they were wearing earpieces to communicate with each other. This revelation was the final piece to the puzzle of how these conspirators were conducting their operation. They showed me that the counselors, medical, and mental health staff were involved as well. . . . Later, I found out that this operation is spread across the entire NYS DOCCS prison.

(*Id.* at 43.)

These allegations are insufficient to plausibly show that Plaintiff's claims are linked as a related series of transactions. Because Plaintiff's allegations do not show that these disparate claims against different defendants are related, Plaintiff cannot join all of these claims in a single action.

The Court therefore grants Plaintiff leave to amend his complaint to include either (1) all of the claims that he has against a particular defendant; or (2) to name all of the defendants whom he wishes to sue for a particular claim. Plaintiff's amended complaint should not include numerous unrelated claims against different defendants in this one action, even if the unrelated claims all arose while he was at Sing Sing.

**B.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to amend his complaint to include only matters that are properly joined in one action, the Court grants Plaintiff 60 days' leave to amend his complaint to do so.

---

[3] Plaintiff also names as a defendant the Sing Sing Program Committee, apparently in connection with his claim that he was removed as representative to the Inmate Liaison Committee. That does not appear to be an entity with the legal capacity to be sued.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting his claim against the defendant(s). If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

**C.    Pending Motions**

Plaintiff moves for payment of costs for expert witnesses. (ECF 12.) Because this action cannot proceed unless Plaintiff files an amended complaint limited to properly joined claims, the Court denies the motion at this stage in the proceedings.

Plaintiff also brings a motion for the Court to seek pro bono counsel for him. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present

7

the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Plaintiff's motion for counsel is denied without prejudice to renewal at a later date, after he has filed an amended complaint that complies with this order.

## CONCLUSION

Plaintiff's motions for expert witness fees and appointment of counsel are denied without prejudice to renewal. (ECF Nos. 12, 14.) Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-5952 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 14, 2022
             New York, New York

                                                              /s/ Laura Taylor Swain
                                                              LAURA TAYLOR SWAIN
                                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.     LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

**II.    PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                Zip Code

**III.   PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 5

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____