UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN FARROW,

                    Plaintiff,

-against-

C.O. C.A. JENKINS, et al.,

                    Defendants.

22-CV-5952 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Auburn Correctional Facility in Cayuga County, New York, proceeds *pro se*. Plaintiff brought this complaint asserting claims, under 42 U.S.C. § 1983, that arose at multiple facilities operated by the New York State Department of Corrections and Community Supervision (DOCCS), most of which are outside this district.

By order dated August 23, 2022, the Court severed Plaintiff's claims arising at Attica, Clinton, and Great Meadow Correctional Facilities and transferred them to the Western and Northern Districts of New York, where those facilities are located.[1] (ECF 9.) On November 14, 2022, the Court granted Plaintiff leave to amend his complaint, within 60 days, to replead his claims that arose between 2019 and 2021, during his incarceration at Sing Sing Correctional Facility, within this district. On January 18, 2023, the Court dismissed the action for Plaintiff's failure to file an amended complaint and entered judgment. (ECF 21-22.) This matter is now before the Court on Plaintiff's motion, under Rules 59(e) and 60(b) of the Federal Rules of Civil

---

[1] While plaintiff was incarcerated at Great Meadow Correctional Facility, in Washington County, New York, he filed a motion in this action seeking preliminary injunctive relief. Because his claims arising at Great Meadow had been transferred to the United States District Court for the Northern District of New York, that motion was also transferred. (ECF 19.)

Procedure, to vacate the order of dismissal and judgment and reopen this matter. Plaintiff also filed a notice of appeal from the order of dismissal. (ECF 26.)

For the following reasons, the Court grants the motion and directs the Clerk of Court to vacate the order of dismissal and judgment and reopen this matter. The Court directs Plaintiff to file an amended complaint, within 60 days of the date of this order, as described in the attached order to amend.

## DISCUSSION

Where a party files a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure, or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), a notice of appeal does not take effect until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff's motion was received on February 17, 2023, 29 days after entry of judgment on January 19, 2023. Under the prison mailbox rule, however, the motion is deemed filed when Plaintiff gave it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing "prison mailbox" rule). The motion is dated on January 27, 2023, and although Plaintiff does not specify when he gave the motion to prison officials for mailing, the Court assumes that he did so on that date. Plaintiff's submission thus is timely as a motion under Rule 59(e) or 60(b), and the Court can adjudicate it notwithstanding Plaintiff's subsequent filing of a notice of appeal.

In Plaintiff's motion and affirmation in support thereof, he explains that he could not comply with the Court's order to amend because he did not receive it. (ECF 24-25.) Plaintiff contends that Defendants are sabotaging his legal mail by returning it to the sender, falsely claiming that he has refused it. Here, the November 14, 2022, order to amend was not returned to the Court as undeliverable. Nevertheless, the Court credits Plaintiff's assertion that he did not receive the order to amend. Because the Court was unaware that Plaintiff had not received the

order to amend when it dismissed the action for Plaintiff's failure to file an amended complaint, relief under Rule 59(e) or 60(b) is warranted. Accordingly, Plaintiff's motion is granted, and the Court will direct the Clerk to vacate the order of dismissal and judgment and grant Plaintiff leave to amend his complaint within 60 days of the date of this order.

Plaintiff may wish to consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group (NYLAG); it is not part of the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff's motion under Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure (ECF 24) is granted. The Court directs the Clerk of Court to vacate the order of dismissal and judgment (ECF 21-22) and reopen this matter.

The Court directs Plaintiff to file an amended complaint, within 60 days of the date of this order, as set forth in the November 14, 2022, order to amend. If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 60 days of the date of this order, and be captioned as an "Amended Complaint," and labeled with docket number 22-CV-5952 (LTS).

The following are attached to this order: (1) a copy of the November 14, 2022, order to amend (ECF 20); (2) an Amended Civil Rights Complaint form; and (3) copies of the NYLAG

Clinic's flyer, retainer, and intake form. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, or seek an extension of time to do so, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 7, 2023
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge