UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN FARROW,

Plaintiff,

-against-

OFFICER CLARKE, *et al.*,

Defendants.

No. 22-CV-5952 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Eastern Correctional Facility and is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. (*See generally* Am. Compl. (Dkt. No. 38).)[1]  Plaintiff asserts claims for, among other things, excessive force and deliberate indifference, in violation of his constitutional rights, arising from incidents that he alleges occurred at Sing Sing Correctional Facility ("Sing Sing"). (*See id.* at 5–11.)  By order dated August 10, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[2]  (*See* Order (Dkt. No. 7).)  On May 15, 2024, the operative Amended Complaint was docketed.  (*See* Am. Compl.)

Since the initial filing of the Amended Complaint, the Government has provided information sufficient to identify and serve the remaining Defendants.  (*See* Letter from Robert

---

[1] On May 26, 2026, Plaintiff mailed two copies of an Amended Complaint to the Court; this Amended Complaint is an identical copy of the Amended Complaint filed on May 15, 2024, and contains the ECF-stamped headers indicating it was printed directly from the docket.  (*See* Not. of Inmate Filing (Dkt. No. 74).)  He had earlier filed the same document.  (*See* Decl. of Justin Farrow (Dkt. No. 71).)  The Court cites to the copy of the document filed at Dkt. No. 38.

[2] Litigants who are imprisoned are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Feliu, Esq. to Court (May 1, 2026) (Dkt. No. 73).) Accordingly, the Plaintiff's operative

Amended Complaint is deemed amended to reflect the full names of the Defendants Sgt. Jose A.

Muniz and RN Rowland Nwokocha. *See Brown v. Niagara County*, No. 24-CV-49, 2025 WL

890488, at *2 (W.D.N.Y. Mar. 21, 2025) (explaining practice of deeming a complaint amended

upon receipt from the Government of defendants' full names pursuant to a *Valentin* order); *Vassel*

*v. Palisades Funding Corp.*, No. 19-CV-3241, 2020 WL 2797274, at *6 (E.D.N.Y. May 28,

2020) (same).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance

from the Court and the U.S. Marshals Service in effecting service.[3] *Walker v. Schult*, 717 F.3d.

119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that courts must

order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Defendants, including Sgt. Jose A. Muniz and

RN Rowland Nwokocha, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of

Court is further instructed to issue summonses and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon all Defendants.

If the Amended Complaint is not served within ninety days after the date summonses are

issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Amended Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until ninety days after the date any summonses issue.

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is respectfully directed to mail: (1) a copy of this Order to Plaintiff; and (2) a copy of this Order and the Amended Complaint to the New York State Attorney General at: 28 Liberty Street, 16th Floor, New York, NY 10005.  The Clerk of Court is further asked to issue summonses for Sgt. Jose A. Muniz and RN Rowland Nwokocha, complete the USM-285 form with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Parties are advised that Local Civil Rule 33.2 applies to this Action.

SO ORDERED.

Dated:　June 25, 2026
　　　　White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Correction Officer Clarke
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Correction Officer Leslie
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. Correction Officer Murray
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Correction Officer Schepis
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. Correction Officer R. Batolotti
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. Sergeant Fan
   Great Meadow Correctional Facility
   P.O. Box 51
   Comstock, NY 12821-0051

7. Lieutenant Jose Muniz, Badge # 1819
   Coxsackie Correctional Facility
   P.O. Box 200
   Coxsackie, NY 12051

8. RN Rowland Nwokocha
   Taconic Correctional Facility
   250 Harris Road
   Bedford Hills, NY 10507-2497